**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4526**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

ANTHONY DEPREE SMITH, a/k/a Straight,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Malcolm J. Howard, Senior District Judge.  (7:18-cr-00016-H-1)

Submitted:  October 30, 2020      Decided:  December 7, 2020

Before WYNN, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Murdoch Walker, II, Joshua Sabert Lowther, Katryna Lyn Spearman, LOWTHER | WALKER, LLC, Atlanta, Georgia, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Evan M. Rikhye, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Depree Smith appeals his jury conviction for conspiracy to possess with intent to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and his resulting 360-month sentence. He argues that (1) the evidence at trial was insufficient to support his conviction, (2) his sentence is substantively unreasonable because it is greater than necessary to fulfill the purposes of sentencing, and (3) trial counsel provided ineffective assistance by failing to request a jury instruction regarding multiple conspiracies. We affirm.

## I.

Smith argues that, although the indictment charged him with a single conspiracy, the facts at trial established multiple smaller conspiracies, creating a material variance between the indictment and the trial evidence. We review de novo the denial of a motion for judgment of acquittal. *United States v. Zelaya*, 908 F.3d 920, 925 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 855 (2019). Where a defendant challenges the sufficiency of the evidence to support a jury verdict, we view the evidence in the light most favorable to the Government and will sustain the verdict if it is supported by substantial evidence. *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018).

"[A] variance occurs when the evidence at trial establishes facts materially different from those alleged in the indictment." *United States v. Kennedy*, 32 F.3d 876, 883 (4th Cir. 1994) (internal quotation marks omitted). In the conspiracy context, a defendant may establish that a material variance occurred "by showing that the indictment alleged a single conspiracy but that the government's proof at trial established the existence of

2

multiple, separate conspiracies." *Id.* "[T]rial evidence is sufficient to establish a single conspiracy where the conspirators are shown to share the same objectives, the same methods, the same geographic spread, and the same results." *United States v. Smith*, 451 F.3d 209, 218 (4th Cir. 2006).

"It is of course elementary that one may be a member of a conspiracy without knowing its full scope or all its members." *United States v. Banks*, 10 F.3d 1044, 1054 (4th Cir. 1993). Moreover, "it is not necessary to proof of a conspiracy that it have a discrete, identifiable organizational structure." *Id.* Although several of Smith's co-conspirators testified that they did not deal with Smith directly, they knew of his role in the organization. A conspiracy with multiple hierarchical levels is still a single conspiracy, and we conclude that sufficient evidence supports Smith's conviction.

## II.

Next, Smith argues that his sentence is substantively unreasonable because (1) the aggregate drug quantity attributed to him significantly overstated the seriousness of his crime, (2) he did not take advantage of his father's age, and (3) there is an unwarranted disparity between his sentence and those of his co-conspirators. "We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the [Sentencing] Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). We first consider "whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately

explain the chosen sentence." *Id.* "If [we] find[] no significant procedural error, [we] then consider[] the substantive reasonableness of the sentence imposed." *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, __ S. Ct. __, 2020 WL 5883437 (Oct. 5, 2020); *see also United States v. Provance*, 944 F.3d 213, 215 (4th Cir. 2019) ("[W]e review the sentence for procedural reasonableness *before* addressing whether it is substantively reasonable.").

"When considering the substantive reasonableness of a prison term, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Arbaugh*, 951 F.3d at 176 (alteration and internal quotation marks omitted); *see also Gall*, 552 U.S. at 59-60 (recognizing that appellate court must give "due deference to the [d]istrict [c]ourt's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence"). We presume that a sentence within or below the Guidelines range is substantively reasonable. *Zelaya*, 908 F.3d at 930. A defendant can only rebut the presumption "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

On appeal, Smith does not assert any procedural error, and our review leads us to conclude that his sentence is procedurally reasonable. Moreover, Smith fails to rebut the presumption that his below-Guidelines sentence is substantively reasonable. Smith's Guidelines range as appropriately calculated was life imprisonment. Taking Smith's first two arguments together—eliminating the quantity of cocaine base attributed to Smith from

4

sales prior to 2013 and eliminating the enhancement for involving his father in the crime—would have yielded a Guidelines range of 360 months to life imprisonment. The district court imposed a sentence at the low end of this more favorable Guidelines range, explaining that it based its downward departure in part on Smith's father's role in introducing Smith to drug trafficking at a young age. Smith may believe that his arguments should have warranted a greater variance than he received, but we "defer[] to the [d]istrict [c]ourt's reasoned . . . decision that the § 3553(a) factors, on the whole, justified the sentence." *Gall*, 552 U.S. at 59-60.

Next, Smith argues that there is an unwarranted sentencing disparity between him and his co-conspirators, rendering his sentence substantively unreasonable. Although district courts are to consider disparities in sentencing when imposing a sentence, *see* 18 U.S.C. § 3553(a)(6), we have expressed doubt whether "a defendant may . . . challenge a sentence on the ground that a co-conspirator was sentenced differently." *United States v. Goff*, 907 F.2d 1441, 1446-47 (4th Cir. 1990) (collecting cases), *superseded on other grounds by* U.S. Sentencing Guidelines Manual app. C amend. 508. Moreover, § 3553(a)(6) is aimed primarily at eliminating national sentencing inequity, not differences between the sentences of co-conspirators. *United States v. Withers*, 100 F.3d 1142, 1149 (4th Cir. 1996) ("To base a defendant's sentence on a co-conspirator's sentence is a short-sighted approach which ignores the Guidelines' attempt to eliminate unwarranted sentencing disparities nationwide."). Also noteworthy is the fact that the comparators to whom Smith points were not similarly situated. Thus, sentencing disparities here are

5

expected and appropriate. We therefore conclude that Smith fails to rebut the presumption of reasonableness afforded his below-Guidelines sentence.

III.

Turning to Smith's ineffective assistance of counsel claim, such a claim is cognizable on direct appeal "only where the record conclusively establishes ineffective assistance." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). A defendant should instead raise ineffective assistance claims in a 28 U.S.C. § 2255 motion, to permit sufficient development of the record. *See Massaro v. United States*, 538 U.S. 500, 504-06 (2003). As discussed above, the evidence at trial established the existence of a single conspiracy. The record therefore does not conclusively establish that trial counsel provided ineffective assistance by not moving for a multiple conspiracies instruction.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*